OPINION *Page 2 
{¶ 1} On October 25, 2005, the Perry County Grand Jury indicted appellant, Jeremy Hankinson, on one count of aggravated robbery with a firearm specification in violation of R.C. 2911.01 and R.C. 2941.145, one count of failure to comply in violation of R.C. 2921.331, one count of resisting arrest with a firearm specification in violation of R.C.2921.33 and R.C. 2941.145, and one count of assault in violation of R.C.2903.13.
 {¶ 2} On February 28, 2006, appellant pled guilty to the aggravated robbery, failure to comply, and resisting arrest counts pursuant to a plea agreement. The assault count and the two firearm specifications were dismissed. By termination judgment entry filed April 10, 2006, the trial court sentenced appellant pursuant to the plea agreement: five years on the aggravated robbery count, two years on the failure to comply count, and six months on the resisting arrest count, to be served consecutively.
 {¶ 3} On September 27, 2006, appellant filed a petition for postconviction relief, claiming the trial court erred in sentencing him to consecutive sentences. By entry filed October 16, 2006, the trial court denied the petition.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 5} "THE TRIAL COURT WAS WITHOUT AUTHORITY TO IMPOSE CONSECUTIVE TERMS OF INCARCERATION, AS THE SENTENCE VIOLATED THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION." *Page 3 
 I {¶ 6} Appellant claims the trial court erred in denying his petition for postconviction relief. Specifically, appellant claims the trial court erred in ordering him to serve his sentences consecutively in violation of State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. We disagree.
 {¶ 7} Appellant did not challenge his sentence via direct appeal. Instead, appellant filed a petition for postconviction relief with the trial court challenging his sentence pursuant to Foster. Because the case sub judice is an appeal from a denial of a petition for postconviction relief, it is not subject to the resentencing remand ofFoster:
 {¶ 8} "As the Supreme Court mandated in Booker, we must apply this holding to all cases on direct review. Booker, 543 U.S. at 268,125 S.Ct. 738, 160 L.Ed.2d 621, quoting Griffith v. Kentucky,479 U.S. at 328, 107 S.Ct. 708, 93 L.Ed.2d 649. (`A new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases * * * pending on direct review or not yet final')." Foster, at ¶ 106.
 {¶ 9} Upon review, we find the trial court did not err in denying appellant's petition for postconviction relief. *Page 4 
 {¶ 10} The judgment of the Court of Common Pleas of Perry County, Ohio is hereby affirmed.
 By Farmer, P.J. Wise, J. and Edwards, J. concur. *Page 5 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Perry County, Ohio is affirmed. *Page 1